Hat, Judge.,
delivered the opinion of the court:
This is a suit brought by an officer of the Navy, who was a rear admiral in command of the United States naval forces operating in European waters, when he was ordered by the Secretary of the Navy to change his station. The amount for which he sues is the sum of $445.58, his reasonable traveling expenses incurred by him in traveling from France to the United States in obedience to the order of the Secretary of the Navy.
The plaintiff was traveling under orders issued by himself, as he was the officer in command, and was the only person who could issue the orders which were necessary to be issued in order that the orders of the Secretary of the Navy might be obeyed. The plaintiff, after considering the sailing dates of transports and mail steamers from Cherbourg to the United States, decided to travel aboard the mail steamship Aquitania, and' he proceeded to sign the necessary orders for said travel, purchase of transportation, and so .forth, as he was authorized by law to do. See the act of August 5, 1882, 22 Stat. 286.
The Secretary of the Navy under the act of March 3, 1909, 35 Stat. 774, was given the authority to settle all traveling expense claims when the payment thereof is authorized by existing law, and the determination of distance and what constitutes the shortest usually traveled route within the meaning of the law shall accord to such rules as the Secretary of the Navy may prescribe. Navy Regulations 1920, article 1812, paragraph 3, provides:
“ No allowance shall be made for traveling expenses without the United States unless the same shall be incurred on the order of the Secretary of the Navy, or of the commander in chief of a fleet or station, or upon orders approved by either of the above.”
It follows that the plaintiff had authority to issue the orders under which he traveled, and he had to determine whether such travel should be performed by mail steamer or by Government transport, and in so determining he was exercising a discretion conferred upon him by the statutes and regulations. The conduct of the plaintiff in issuing the •orders aforesaid was approved by the Secretary of the *363 Navy. No authority rests in any other department of the Government to question the discretion exercised by the plaintiff.
There is a statute, the act of June 30, 1914, 88 Stat. 393, which provides that hereafter no mileage shall be paid to any officer when Government transportation is furnished such officer. But in this case no such transportation was furnished, nor is it conceivable that this statute was in anywise in question when the officer, having authority to do so, exercised the discretion conferred upon him by the laws and regulations and traveled on board a ship which took him to his destination by the most direct route.
The actual and reasonable expenses incurred by the plaintiff was the sum of $445.53, and that amount is not questioned by the defendant.
A judgment will be entered for the plaintiff in the sum of $445.53. It is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.